UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIFAST, INC.; BRADLEY MACDONALD,<br><br>                            Plaintiffs,<br>v.<br>BARRY MINKOW; FRAUD DISCOVERY INSTITUTE, INC.; ROBERT L. FITZPATRICK; TRACY COENEN; SEQUENCE, INC.; WILLIAM LOBDELL; IBUSINESS REPORTING; and ZEEYOURSELF,<br>                            Defendants. | Civil No. 10-CV-382-JLS (BGS)<br><br>**ORDER GRANTING PLAINTIFFS' EX PARTE MOTION FOR EXTENSION OF TIME** |

On September 30, 2010, Plaintiffs Medifast, Inc. and Bradley MacDonald filed an ex parte motion for extension of time to complete discovery as to third-party witness Christopher Grell.[1] (Doc. No. 79.) Plaintiffs seek an eighteen (18) day extension of the limited discovery ordered by the District Court. (See Doc. No. 46.) The Court ordered this discovery to take place within ninety (90) days and was to be completed on or before August 4, 2010. (Doc. Nos. 46 & 47.) On August 13, 2010, the Court granted Plaintiffs an extension of sixty (60) days to October 4, 2010, to complete thirteen items of outstanding discovery. (Doc. No. 63.) Plaintiffs now seek an eighteen day extension of the discovery cut-off to complete items 10 and 11 that relate to third-party witness Christopher Grell. (Doc. No. 79.) Third-party

---

[1] Defendants Tracy Coenen and Sequence, Inc. joined in the ex parte motion for extension of time. (Doc. No. 79-1.) Defendants Barry Minkow and Fraud Discovery Institute, Inc. did not filed an opposition.

1  witness Christopher Grell filed a response in opposition[2] to Plaintiffs' ex parte motion on September 30,
2  2010. (Doc. No. 80.)

3        Grell, a third-party witness and an attorney representing Defendant Robert L. Fitzpatrick in this case,
4  agreed during a case management conference on August 13, 2010 that he would accept service of a third-
5  party witness subpoena by mail or Fed-Ex delivery.[3] (Doc. No. 63 at 2.) Plaintiffs had been attempting to
6  serve Grell with third-party subpoenas for his attendance at a deposition and for production of documents.
7  (See Doc. No. 56-2, Ex. A.) Plaintiffs served Grell with the subpoenas by Federal Express delivery on
8  August 16, 2010. (Doc. No. 79-2, Cohen Decl. ¶8.) Grell objected to service by Fed-Ex of a subpoena
9  duces tecum on the ground that he only agreed to accept service of one deposition subpoena by mail or Fed-
10 Ex delivery. (Id. ¶10.) Plaintiffs then moved to compel Grell's compliance with the subpoena duces tecum
11 in the Northern District of California. (Id. ¶13.) The hearing on Plaintiffs' motion to compel is currently
12 scheduled on October 8, 2010 before Judge Spero. (Id. Ex. 3.) Therefore, Grell's document production and
13 deposition remain outstanding discovery issues that will not be resolved by the October 4, 2010 deadline.
14 It appears that Plaintiffs have acted with due diligence in attempting to resolve the issues relating to the
15 subpoenas and in attempting to complete all the discovery by the deadline.[4]

16       Grell fails to put forth any substantive argument against a brief extension of time that will allow the
17 Northern District of California an opportunity to decide the pending motion to compel. (See Doc. No. 80.)

---

[2] Grell filed the response in opposition as "Attorney for Christopher E. Grell." (Doc. No. 80.) However, Grell is not a party to this action. He represents Defendant Fitzpatrick.

[3] The Court notes that Fed. R. Civ. Pro. 45(a)(1)(C) states that "[a] commend to produce documents, electronically stored information, or tangible things or to permit the inspection of a premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena."

[4] Plaintiffs served Grell with the subpoenas by Fed-Ex on August 16, 2010. (Doc. No. 79-2, Cohen Decl. ¶12.) Grell notified Plaintiffs that he had no intention of complying with the document subpoena based on improper service on August 23, 2010, and served his objections to the subpoenas on August 25, 2010. (Id.) Plaintiffs attempted to resolve the issue with Grell through extensive email correspondence, but Grell refused to change his position and refused to discuss the matter by telephone. (Id.) Plaintiffs, after retaining local counsel in the Northern District and unsuccessfully meeting conferring with Gell on a shortened briefing schedule for a motion to compel, filed the motion to compel on September 9, 2010 after it was clear that the parties were at an impasse. (Id. ¶¶12-13.) The Northern District granted Plaintiffs' motion for a shortened briefing schedule and set the hearing on Plaintiffs' motion to compel for September 27, 2010. (Id. ¶15, Ex. 1.) The Northern District moved the hearing on its own motion to September 29, 2010. (Id. ¶16, Ex. 2.) Then, due to a family emergency, Judge Spero reset the hearing on October 8, 2010. (Id. ¶¶17 & 20, Ex. 3.)

1  Grell's arguments concern mainly the use by Plaintiffs of an ex parte motion for an extension of time, which
2  Plaintiffs were granted permission to file by the Court. Plaintiffs have complied with Civ. L.R. 83.3(h) by
3  attaching a declaration of counsel that Grell was informed about Plaintiffs' intention to file the motion to
4  extend time and chose not to join in the motion. (Doc. No. 79-2 ¶¶19 & 21.) Grell's other arguments go
5  to the merits of the pending motion to compel that is currently in front of Judge Spero. This Court will defer
6  to Judge Spero's ruling on the pending motion, as the Northern District of California has jurisdiction over
7  the disputed subpoenas.

8  The Court, for good cause shown, grants Plaintiffs' ex parte motion for extension of time to complete
9  discovery and extends the limited discovery cutoff to **October 22, 2010**. The extension of time for
10 completing limited discovery shall be limited to the two items of outstanding discovery that relate to Grell
11 and are identified in Plaintiffs' ex parte motion for extension of time. (Doc. No. 79-1 at 2.) The limited
12 period of discovery cutoff remains October 4, 2010 for all other items.

13 Plaintiffs have also requested sanctions be imposed on Grell. (Doc. No. 79-1 at 7.) Plaintiffs seek
14 sanctions in the form of payment of the attorneys fees and costs associated with bringing the instant ex parte
15 motion for a second extension of time. (Id.) The Court advised the parties that failure of any party to act
16 with due diligence in completing the limited discovery within the extended time period may result in the
17 imposition of sanctions. (Doc. No. 63 at 2.) While the Court questions the propriety of Grell's alleged
18 conduct and how it may affect his representation of Fitzpatrick, Grell is not a party to this action and his
19 dilatory tactics do not relate to discovery propounded upon his client in this matter. He is a third-party
20 witness who is objecting to service of a subpoena issued out of another district. Plaintiffs have failed to
21 supply the Court with any legal basis for imposing sanctions in such a situation. Therefore, the Court denies
22 Plaintiffs' requests for sanctions.

23 **IT IS SO ORDERED**.

24 DATED: October 1, 2010

25
26 **BERNARD G. SKOMAL**
   United States Magistrate Judge
27
28