# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIFAST, INC.; BRADLEY MACDONALD, <br><br> Plaintiffs, <br><br> vs. <br><br> BARRY MINKOW; FRAUD DISCOVERY INSTITUTE, INC.; ROBERT L. FITZPATRICK; TRACY COENEN; SEQUENCE, INC.; WILLIAM LOBDELL; IBUSINESS REPORTING; THOMAS ZIEMANN, <br><br> Defendants. | CASE NO. 10-CV-382 JLS (BGS) <br><br> **ORDER: GRANTING PLAINTIFFS' EX PARTE MOTION TO FILE ONE OPPOSITION TO DEFENDANTS' MOTIONS TO STRIKE** <br><br> (Doc. No. 100) |

Presently before the Court is Plaintiffs' ex parte motion for permission to file one opposition to Defendants' three motions to strike. (Doc. No. 100 (Mot.).) Also before the Court are Defendants Tracy Coenen and Sequence, Inc.'s opposition (Doc. No. 101 (Coenen & Sequence Opp'n)), Defendant Robert FitzPatrick's opposition (Doc. No. 102 (FitzPatrick Opp'n)), and Plaintiffs' reply (Doc. No. 103 (Reply)). Having reviewed the parties' submissions and good cause appearing, Plaintiff's ex parte motion is **GRANTED**.

In April and May of 2010, Defendants Tracy Coenen; Sequence, Inc.; Robert FitzPatrick; Fraud Discovery Institute, Inc.; William Lobdell; Barry Minkow; and iBusiness Reporting (collectively, Moving Defendants) moved to strike Plaintiff's complaint under California's anti-

1   SLAPP statute, California Code of Civil Procedure section 425.16. (Doc. Nos. 7, 12, 19, 44.) On
2   April 28, 2010, Plaintiffs moved ex parte to continue the briefing schedule on Moving Defendants'
3   motions to strike. (Doc. No. 31.) On May 6, 2010, the Court granted Plaintiffs' motion to continue
4   the briefing schedule and granted the parties ninety days in which to conduct discovery on four limited
5   issues. (Doc. No. 46, at 9.) The Court further denied Defendants' motions to strike without prejudice
6   and directed Defendants to refile their motions to strike after the close of the limited discovery period.
7   (*Id.*)

8   On November 9, 2010 and November 19, 2010, Moving Defendants refiled their motions to
9   strike. (Doc. Nos. 88, 97, 98.) On November 22, 2010, the Court set a briefing schedule on, *inter*
10  *alia*, Moving Defendants' motions to strike. (Doc. No. 99.) Pursuant to the briefing schedule,
11  Plaintiffs' oppositions to Defendants' motions to strike are due by December 27, 2010. (*Id.* at 1.) On
12  December 6, 2010, Plaintiffs moved ex parte for leave to file one omnibus opposition to Defendants'
13  three motions to strike. (Doc. No. 100.)

14  Under Local Civil Rule 7.1(h), Plaintiff is entitled to file a separate twenty-five-page
15  opposition to each of Moving Defendants' three motions. S.D. Cal. Civ. R. 7.1(h). Plaintiff requests
16  leave to file one sixty-page opposition to Moving Defendants' three motions to "ease the burden on
17  the Court and avoid the duplication otherwise necessitated by the nature of the allegations and the
18  causes of action." (Mot. 2.) Defendants Coenen, Sequence, Inc., and FitzPatrick (collectively,
19  Opposing Defendants) oppose Plaintiff's motion on various grounds. (*See* Coenen & Sequence
20  Opp'n; FitzPatrick Opp'n.)

21  First, Opposing Defendants argue that allowing Plaintiffs to file one opposition to Moving
22  Defendants' motion "is contrary to the goals the State Legislature intended to effectuate when it
23  enacted California Code of Civil Procedure section 425.16 because it will increase the time and
24  expense Defendants will incur in responding to Plaintiffs' opposition." (Coenen & Sequence Opp'n
25  3; *accord* FitzPatrick Opp'n 1–2.) This argument lacks merit. Opposing Defendants protestations
26  regarding the costs of litigation lack credibility in light of the sheer volume of their motions to strike.
27  (*See* Doc. Nos. 88–96 (FitzPatrick Mot. to Strike); 97 (Coenen & Sequence Mot. to Strike).) And, in
28  any event, Opposing Defendants may recover their attorneys fees and costs if they prevail on their

motions, Cal. Civ. Proc. Code § 425.16(c)—an outcome Opposing Defendants suggest is likely (*see* Coenen & Sequence Opp'n 3; FitzPatrick Opp'n 2–3 ("Plaintiffs, having completed their discovery, know that they cannot satisfy their burden of proof as to each specific Defendant . . . .").)

Second, Opposing Defendants argue that Plaintiffs have not demonstrated good cause to file one opposition, and that they will be prejudiced if Plaintiffs are allowed to file one opposition. (Coenen & Sequence Opp'n 3–4; FitzPatrick Opp'n 2–5.) The Court disagrees. Plaintiffs point out that the factual bases of their claims against the various Moving Defendants substantially overlap. (Reply 2–3.) And the Court assumes, in light of Moving Defendants failure to raise any claim of misjoinder, that Plaintiffs' claims against Moving Defendants "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20; *see also* Fed. R. Civ. P. 21 (governing misjoinder of parties). Thus, good cause exists to allow Plaintiffs to file one opposition.

Nor is the Court convinced that Opposing Defendants will be prejudiced if Plaintiffs are allowed to file one opposition. Opposing Defendants argue that "the issues presented by each anti-SLAPP motion is [sic] distinct to each Defendant. . . . Combining individual arguments relevant to each separate anti-SLAPP motion is not efficient and does not simply [sic] the issues." (Coenen & Sequence Opp'n 4; *accord* FitzPatrick Opp'n 3–5 ("If all the statements made by each Defendant are mixed into one Brief, it would create more ambiguity and confusion not less."); *see also* Coenen & Sequence Opp'n 4 ("Both Defendants *and the Court* will have to sort out which arguments apply to which Defendants.").) Opposing Defendants apparently assume that the Court and Plaintiffs' counsel cannot distinguish arguments applicable to *some* Moving Defendants' motions from arguments applicable to *all* Moving Defendants' motions. Although the Court appreciates Opposing Defendants consideration, the Court assures Opposing Defendants that it is fully capable of distinguishing among the various Moving Defendants. And to alleviate Opposing Defendants concerns regarding potential confusion, the Court will order Plaintiffs' counsel to clearly distinguish which motion or motions its arguments in opposition apply to.[1]

---

[1] Defendants Coenen and Sequence Inc.'s further argument that they "will be forced address arguments that are inapplicable to them and their individual motions" lacks merit. (Coenen & Sequence Opp'n 4.) In their replies, each Moving Defendant or group of Moving Defendants need only address Plaintiffs' arguments as they pertain to that Moving Defendant's or group of Moving Defendants' motion.

Accordingly, Plaintiffs' ex parte motion is **GRANTED**. Plaintiffs **SHALL FILE** one opposition to Moving Defendants' motions. Plaintiffs' opposition **SHALL** clearly identify which Moving Defendants' motion or motions its arguments apply to.[2]

IT IS SO ORDERED.

DATED: December 14, 2010

Honorable Janis L. Sammartino
United States District Judge

---

[2] Additionally, to facilitate the Court's review of Plaintiffs' opposition, Plaintiffs shall submit the chambers courtesy copy required by Section 2(e) of the Court's Electronic Case Filing Administrative Policies and Procedures manual <u>in a three-ring binder with all exhibits tabbed</u>.