Robert A. Giacovas, Esq., appearing *pro hac vice*
Lainie E. Cohen, Esq., SBN 216726
LAZARE POTTER & GIACOVAS, LLP
950 Third Avenue
New York, NY  10022
**P** 212.758.9300 / **F** 212.888.0919
Email: RGiacovas@lpgllp.com
Email: LCohen@lpgllp.com

Kenneth C. Turek, Esq., SBN 97908
George H. Kaelin III, Esq., SBN 157048
ENDEMAN, LINCOLN, TUREK & HEATER LLP
600 B Street, Suite 2400
San Diego, CA 92101-4508
**P** 619.544.0123 / **F** 691.544.9110
Email: KCT@elthlaw.com
Email: GHK@elthlaw.com

Attorneys for Plaintiffs MEDIFAST, INC. and BRADLEY MacDONALD

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MEDIFAST, INC., a Delaware Corporation, and BRADLEY MacDONALD, an individual, <br><br>        Plaintiffs, <br><br>    v. <br><br> BARRY MINKOW, FRAUD DISCOVERY INSTITUTE, INC.; ROBERT L. FITZPATRICK; TRACY COENEN; SEQUENCE, INC.; WILLIAM LOBDELL; IBUSINESS REPORTING; ZEEYOURSELF, <br><br>        Defendants. | CASE NO. 10-CV-0382-JLS BGS <br><br> **PLAINTIFFS' OPPOSITION TO COENEN AND FITZPATRICK'S MOTIONS FOR ENTRY OF JUDGMENT UNDER FRCP RULE 54**(b) <br><br> Date:  May 5, and May 12, 2011 <br> Time:  1:30 <br> Honorable Janice L. Sammartino <br> Courtroom:  6 – 3rd Floor |

### I.    INTRODUCTION

To be clear, Plaintiffs do not oppose the entry of judgment relating to this Court's granting of Moving Defendants, Tracy Coenen, Sequence Inc. (collectively "Coenen") and (portions of) Robert FitzPatrick's ("Moving Defendants") Motions to Strike. Rather, Plaintiffs' objection lies in an entry of judgment that provides for a blanket award of attorney's fees to Defendants at this stage, where (i) the Court's Order makes no mention of an award of attorney's fees; (ii) Defendants have not

followed the proper procedure for requesting such fees and (iii) Defendants have not properly substantiated or proven the reasonableness of their requests. Accordingly, Moving Defendants' request for inclusion of a blanket award of attorney's fees in the entry of judgment must be denied.

Additionally, and assuming that all Defendants intend to move for an award of attorney's fees following entry of judgment, Plaintiffs respectfully request that this Court exercise its discretion and reserve decision on the issue pending resolution of Plaintiffs' appeal. Alternatively, should the Court elect to decide the fee question before an appeal is taken, Plaintiffs respectfully request that the Court toll the time for filing the Notice of Appeal until after the entire dispute has been fully adjudicated, as provided for in Federal Rules of Appellate Procedure ("Fed. R. App. P.") 4(a)(4)(A).

## II.     FACTUAL AND PROCEDURAL BACKGROUND

On March 29, 2011, this Court filed its Order (Doc. No. 130) granting in part and denying in part, Defendants' Motions to Strike Plaintiffs' First Amended Complaint under California Code of Civil Procedure § 425.16, the Anti-SLAPP statute. Specifically, this Court granted the motions to strike made by Barry Minkow, Fraud Discovery Institute, Inc., William Lobdell, iBusiness Reporting ("Minkow Defendants"), Tracy Coenen and Sequence, Inc. ("Coenen") in their entirety and as to both Plaintiffs. As to Defendant Robert FitzPatrick, this Court denied his motion to strike as to Medifast, Inc. only, on Medifast's Defamation Per Se cause of action. That portion of the case continues. The Court granted FitzPatrick's motion against Plaintiff MacDonald in its entirety, and against Medifast, as to Medifast's causes of action for Conspiracy to Defame, Unfair Business Practices and Market Manipulation. Plaintiffs intend to appeal certain portions of the Court's order.

On March 30, 2011, Coenen filed a motion for entry of judgment and award of attorney's fees (Doc. No. 131). Plaintiffs' opposition to that motion is currently due on April 21, 2011, and hearing is set for May 5, 2011. On April 12, 2011, FitzPatrick filed his motion for entry of judgment *as to MacDonald only* (Doc. No. 133). Plaintiffs' opposition to FitzPatrick's motion is currently due on April 29, 2011 and hearing is set for May 12, 2011. Plaintiffs then filed their own motion for entry of judgment as to all the remaining claims and defendants. This motion is also set for hearing on May 12, 2011. The Minkow Defendants have not sought entry of judgment in any regard.

2

### III. ARGUMENT

A. Moving Defendants' Request for a Blanket Award of Attorney's Fees Must Be Denied as Premature and Substantively Deficient:

#### 1. Moving Defendants' Request is Untimely

A claim for attorney's fees "must be made by motion" and such motion must be filed no later than 14 days after the entry of judgment. *See* Fed. R. Civ. P. 54(d)(2)(A) and (B)(i). It is well-established that the time for filing an application for attorney's fees under the anti-SLAPP statute is governed by Fed. R. Civ. P. 54. *See Kearney v. Foley & Lardner*, 553 F. Supp. 2d 1178 (S.D.Cal. 2008) (finding that Rule 54 is applicable to a motion for attorney's fees under the anti-SLAPP statute and the party's motion should have been made 14 days after entry of judgment).

Here, no judgment has yet been entered, and contrary to Coenen's assertion, the question of entitlement to attorney's fees has not yet been addressed by this Court. As such, Moving Defendants' request for an award of attorney's fees should be denied as premature and untimely, where judgment has not yet been entered.

#### 2. Moving Defendants' Request is Substantively Deficient

Although an award of attorney's fees is mandatory under the anti-SLAPP statute, the amount of such fees is discretionary. "The reasonableness of attorney fees is within the discretion of the trial court, to be determined from a consideration of such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel and the amount of time involved." *Kearney*, 553 F. Supp. 2d at 1184-1185 (citations omitted). The party petitioning for attorney's fees under the anti-SLAPP statute bears the burden of persuasion and "bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986).

Although the Court has broad discretion in determining the reasonable amount of attorney's fees, it must have "substantial evidence" to support a fee award. *Metabolife Int'l, Inc. v. Wornick, et al.*, 213 F. Supp. 2d 1220, 1222 (S.D.Cal. 2002) (citing *Macias v. Hartwell*, 55 Cal. App. 4th 669, 676, 64 Cal. Rptr. 2d 222 (1997). If the value of the award cannot be determined, it would be unjust to do so at this early juncture. *See Jackson v. Yarbray*, 179 Cal. App. 4th 75 (2nd Dist. 2009).

3

In a motion for attorney's fees, the movant must (i) specify the judgment and the statute, rule or other grounds entitling the movant to the award; (ii) state the amount sought or provide a fair estimate of it and (iii) disclose if the court so orders, the terms of any agreement about fees for the services for which the claim is made. *See* Fed. R. Civ. P. 54(d)(2)(B)(i). "What is required is the filing of a motion sufficient to alert the adversary and the court that there is a claim for fees, and the amount of such fees (or a fair estimate)." *See* Advisory Committee Note to Fed. R. Civ. P. 54.

Moving Defendants' off-hand request for fees is wholly deficient under even the most liberal reading of the Federal Rules. To begin, Moving Defendants failed to make a formal motion for fees under Fed. R. Civ. P. 54(d), but rather chose to make an informal request appended to its motion for entry of judgment. They do so while claiming that this issue has already been decided by the Court. But no such determination was made, or the issue of attorney's fees even addressed in the Court's March 29, 2011 Order. Moving Defendants' entitlement to such an award is still an open issue.

More importantly, Defendants' failure to establish the reasonableness of attorney's fees and costs is fatal to their position. Indeed, Defendants' arguments in their memoranda for their purported entitlement to fees are stripped of the 54(d)(2)(B) requirements and limited to a three-sentence paragraph.[1] Defendants do not even specify the amount of fees they are seeking. Because Defendants have not submitted any billing records, declarations and other supporting documents, this Court's job of determining "reasonable fees" is made speculative and would be an abuse of discretion. *See Intel Corp. v. Terabyte Int'l*, 6 F.3d 614 (9th Cir. 1993) (reversing trial court's grant of attorney's fees based on cursory information).

Any award this Court makes at this stage would be based on pure conjecture. Thus, Defendants' request for an inclusion of an award of attorney's fees in an entry of judgment must be denied.

///

///

///

---

[1] *See* pg. 3 of Coenen's memorandum of points and authorities and pg. 3 of FitzPatrick's memorandum of points and authorities.

4

| OPPOSITION TO COENEN AND FITZPATRICK'S | Case No. 10-CV-0382-JLS |
| MOTIONS FOR ENTRY OF JUDGMENT | BGS |

B. **The Court Should Use its Discretionary Power and Stay Any Determination of the Issue of Attorney's Fees Until After the Conclusion of Plaintiffs' Appeal:**

Assuming *arguendo*, that all Defendants intend to move for attorney's fees after entry of judgment, this Court should stay the decision on the fee petitions until after Plaintiffs' appeal has been resolved. This Court has the discretion to either decide the fee petitions immediately, or to stay such decision until after resolution of the appeal on the merits. *See Masalosalo by Masalosalo v. Stonewall Ins.*, 718 F.2d 955 (9th Cir. 1983) (district courts in Ninth Circuit have authority to stay motions on attorney's fees pending outcome on appeal); *Metabolife Int'l, Inc. v. Wornick, et al.*, 213 F. Supp. 2d 1220 (S.D.Cal. 2002) (district court stayed fee application pending resolution of appeal of decision on anti-SLAPP motion to Ninth Circuit); *Theme Promotions, Inc. v. News Am. Mktg. FSI, Inc.*, 731 F. Supp. 2d (N.D.Cal. 2010) (district court stayed fee application pending appeal); *Asset Mkt'g Sys., Inc. v. Gagnon*, 03-CV-2234-B, 2007 U.S. Dist. LEXIS 100112 (S.D.Cal. Sept. 7, 2007) (same); *see also*, Advisory Committee Note to Fed. R. Civ. P. 54(d) ("[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing…a new period for filing after the appeal has been resolved; Advisory Committee Note to Fed. R. Civ. P. 58 ("…the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved").

In this case, there are compelling reasons why the Court should exercise its discretion to delay a decision on the attorney's fee issue until after Plaintiffs' appeal is decided. First, deciding the fee motions now would be highly inefficient. If the Ninth Circuit reverses, Defendants' claims for fees would be moot, and the fee proceeding will have been a waste of this Court's valuable time.

Indeed, even if the Ninth Circuit were to affirm, a second fee proceeding would undoubtedly be required. This is because Defendants would, in all likelihood, also seek recovery of the fees they incur on the appeal. The result of this second fee proceeding would then be subject to appeal, requiring a second round of briefing on the issue. Judicial economy is best served by ensuring that this Court need not conduct more than one time-consuming fee proceeding. *See West v. Keve*, 721 F.2d 91 (3d Cir. 1983) ("the possibility of appellate reversal on the merits [] exposes district judges

5

to the necessity of conducting two separate time-consuming fee proceedings, both prior to and after the appeal. This is an inefficient use of judicial resources, already overtaxed.")

Accordingly, the Court should delay entertaining Defendants' inevitable motions for attorney fees until after the appeal process is completed.

C.  <u>In the Alternative, This Court Should Extend the Time to File the Notice of Appeal Until After All Motions for Attorney's Fees Have Been Fully Adjudicated</u>:

Alternatively, should the Court wish to decide the fee question now, we respectfully request that the Court toll Plaintiffs' time to file a Notice of Appeal until after those motions have been fully adjudicated. Under Fed. R. App. P. 4(a)(4)(A)(iii), if any party files a timely motion for attorney's fees, the time to appeal will not commence to run until after all such motions are decided, but *only if* the district court extends the time to appeal under Fed. R. Civ. Proc. 58. Again, judicial economy would be served, and any potential confusion averted, if Plaintiffs can concurrently appeal the grant of Defendant's Motions to Strike and attorney's fees and costs that may be awarded.

## IV.   CONCLUSION

For the foregoing reasons, final judgment should be entered as to this Court's order granting Moving Defendants' motions to strike, but Moving Defendants' request for a blanket award for attorney's fees should be denied. Plaintiffs further respectfully request that the Court, in its discretion, delay entertaining Defendants' motions for attorney's fees until after the appeal has concluded, or in the alternative, extend the time for Plaintiffs to file a Notice of Appeal until after the hearing on all such motions for attorney's fees.

Dated: April 20, 2011                           LAZARE POTTER & GIACOVAS LLP

By:  /s/ Lainie E. Cohen
     Robert A. Giacovas
     rgiacovas@lpgllp.com
     Lainie E. Cohen
     lcohen@lpgllp.com
     Attorneys for Plaintiffs
     MEDIFAST, INC., and BRADLEY MacDONALD