# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIFAST, INC.; BRADLEY MACDONALD,<br><br>   Plaintiffs,<br><br>vs.<br><br>BARRY MINKOW; FRAUD DISCOVERY INSTITUTE, INC.; ROBERT L. FITZPATRICK; TRACY COENEN; SEQUENCE, INC.; WILLIAM LOBDELL; IBUSINESS REPORTING; ZEEYOURSELF,<br><br>   Defendants. | CASE NO. 10-CV-382 JLS (BGS)<br><br>**ORDER: DENYING PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT UNDER FED. R. CIV. P. 54(b)**<br><br>(Doc. No. 134) |

On March 29, 2011, the Court granted in part and denied in part Defendants' anti-SLAPP motions to strike Plaintiffs' complaint. (Doc. No. 130.) Presently before the Court is Plaintiffs Medifast, Inc. and Bradley MacDonald's motion for entry of judgment under Federal Rule of Civil Procedure 54(b).[1] The explicit purpose of Plaintiffs' motion is to clarify "when Plaintiffs' time for

---

[1] Federal Rule of Civil Procedure 54(b) provides:

When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does

filing a notice of appeal [from the Court's order on Defendants' anti-SLAPP motions] begins . . . to run."[2] (Doc. No. 134-1, at 2; *see also id.* at 3 ("[I]t is unclear whether the time for filing a notice of appeal has begun to run on portions of the case, or if not, when it will begin to run.").)

The Court need not enter judgment to start the running of Plaintiffs' time for filing a notice of appeal. *See, e.g.*, *Zamani v. Carnes*, 491 F.3d 990, 994 (9th Cir. 2007) ("[T]he denial of an anti-SLAPP motion is immediately appealable pursuant to the collateral order doctrine."); *Batzel v. Smith*, 333 F.3d 1018, 1025 (9th Cir. 2003) ("A district court's denial of a claim of immunity, to the extent that it turns on an issue of law, is an appealable final decision within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment."). Accordingly, Plaintiffs' motion for entry of judgment is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

DATED: April 25, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

[2] Defendants Coenen and Sequence, Inc., and FitzPatrick have filed separate motions for judgment under 54(b), for separate purposes. (Doc. Nos. 131, 133.) The Court will address those motions by separate Order.