Heather L. Rosing, Bar No. 183986
Leah A. Plaskin, Bar No. 228008
Stephen M. Duvernay, Bar No. 250957
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
hrosing@klinedinstlaw.com
lplaskin@klinedinstlaw.com
sduvernay@klinedinstlaw.com

Attorneys for Defendants
TRACY COENEN and SEQUENCE, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIFAST, INC., a Delaware Corporation and BRADLEY MacDONALD, an individual,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BARRY MINKOW, an individual; FRAUD DISCOVERY INSTITUTE, INC., a California corporation; ROBERT L. FITZPATRICK, an individual; TRACY COENEN, an individual; SEQUENCE, INC., a Wisconsin service corporation; WILLIAM LOBDELL, an individual; iBUSINESS REPORTING, a California business organization of unknown form; and 'ZEEYOURSELF', an individual,<br><br>　　　　Defendants. | Case No.   10cv382 JLS (BGS)<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT IN FAVOR OF DEFENDANTS TRACY COENEN AND SEQUENCE INC. AND AGAINST PLAINTIFFS MEDIFAST INC. AND BRADLEY MACDONALD**<br><br>Date　　　　　　　　May 5, 2011<br>Time:　　　　　　　　1:30 p.m.<br>Courtroom:　　　　　6 - 3rd Floor<br>Judge:　　　　　　　 Janis L. Sammartino<br>Magistrate Judge:　Bernard G. Skomal<br>Complaint Filed:　　February 17, 2010<br>Trial Date:　　　　　None set |

# REPLY

## A. Defendants Will File a Motion for Attorney's Fees Once Judgment is Entered

Medifast does not assert any substantive arguments in response to Coenen's motion for entry of judgment.[1] Instead, Medifast opposes Coenen's motion for entry of judgment on the grounds that it requests a blanket award of attorney's fees, and that such a request was substantively improper. [Opp. 3:4-4:23.] This misses the point of the motion.

Coenen requested that the court's judgment specify that she is entitled to recover attorney's fees and costs pursuant to California Code of Civil Procedure section 425.16(c). [Motion for Judgment, 3:8-16; 4:3-7.] Medifast acknowledges that the award of attorney's fees is mandatory, but it protests that Coenen failed to properly file a noticed motion for attorney's fees pursuant to Federal Rule of Civil Procedure 54. [Opp. 3:16-17.]

This protest is nonsensical since Coenen only asked that the judgment specify the statutory basis for their entitlement to attorney's fees – a request that is completely appropriate with respect to a judgment following an anti-SLAPP motion. She did not request an actual fee award. Coenen intends to file a motion for attorney's fees pursuant to Rule 54, but judgment must be entered in her favor before she can do so.

## B. Coenen is Entitled to a Judgment of Attorney's Fees Without Delay

Now that the Court has determined Medifast's lawsuit to be a Strategic Lawsuit Against Public Participation, the company seeks to avoid the consequences of bringing such claims. In its opposition, Medifast requests that the Court delay the determination

/ / /
/ / /
/ / /
/ / /

---

[1] As usual, this brief refers to Defendants Tracy Coenen and her company Sequence Inc. collectively as "Coenen," in the feminine singular.

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT IN FAVOR OF DEFENDANTS TRACY COENEN AND SEQUENCE INC. AND AGAINST PLAINTIFFS MEDIFAST INC. AND BRADLEY MACDONALD**
**10cv382 JLS (BGS)**

of Coenen's motion for attorney's fees until after resolution of an appeal that had not been filed, on the grounds of judicial economy.[2]  [Opp. 5:1-6:4.]  This request is without merit for several reasons.

First, a delay in considering the fee award would frustrate the purpose of the anti-SLAPP statute.  *Rouse v. Law Offices of Rory Clark*, 465 F.Supp.2d 1031, 1036 (S.D. Cal. 2006), citing *Martinez v. Metabolife International, Inc*. (2004) 113 Cal.App.4th 181, 186; *Equilon Enterprises v. Consumer Cause, Inc*. (2002) 29 Cal.4th 53, 65 (the short time frame for anti-SLAPP filings and hearings and the stay of discovery pending resolution of the motion evidences the Legislature's intent to minimize the litigation costs of SLAPP targets).  This is not a run-of-the-mill fee award, where the award is a component of costs, ancillary to a judgment.  In the anti-SLAPP context, the fee award is the defendant's sole relief, the sword and the shield protecting a defendant's constitutional rights.  Coenen has already incurred a significant expense responding to Medifast's SLAPP suit.  The anti-SLAPP statute is designed to reimburse her without delay.

Second, delaying the fee determination pending appeal compromises Coenen's judgment.  As a losing SLAPP plaintiff, Medifast must post bond sufficient to secure defendants' judgments on appeal, and may be required to bond Defendants' anticipated appellate costs and attorney's fees.  The fee determination is necessary to set that bond.

### 1. Delaying Coenen's Fee Determination Until After an Appeal Would Frustrate the Purpose of the Anti-SLAPP Statute

California's anti-SLAPP statute is designed "to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir. 2003);

/ / /

---

[2] Medifast filed a notice of appeal on April 26, 2011.  Even so, this Court has discretion to award Defendants' their attorney's fees while an appeal is pending.  *Masalosalo by Masalosalo v. Stonewall Insurance Co.*, 718 F.2d 955, 957 (9th Cir. 1983).

- 3 -
**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT IN FAVOR OF DEFENDANTS TRACY COENEN AND SEQUENCE INC. AND AGAINST PLAINTIFFS MEDIFAST INC. AND BRADLEY MACDONALD**
**10cv382 JLS (BGS)**

Case 3:10-cv-00382-JLS -BGS   Document 141    Filed 04/27/11   Page 4 of 6

1  *Dowling v. Zimmerman*, 85 Cal.App.4th 1400, 1415 (Cal. Ct. App. 2001) (anti-SLAPP
2  statute provides "an efficient tool to quickly and inexpensively unmask and defeat
3  SLAPP suits. [Citation]").

4  To further that end, the anti-SLAPP statute contains a fee-shifting provision,
5  which entitles a prevailing SLAPP defendant to mandatory attorney's fees. Cal. Code
6  Civ. Proc., § 425.16(c). The fee shifting provision discourages SLAPP suits by imposing
7  litigation costs on the party filing the suit, and it encourages private representation in
8  cases where a SLAPP defendant may be unable to afford counsel. *Ketchum v. Moses*, 24
9  Cal.4th 1122, 1131 (Cal. 2001). The right to recover fees is "broadly construed so as to
10 effectuate the legislative purpose of reimbursing the prevailing defendant for expenses
11 incurred in extracting [itself] from a baseless lawsuit." *Wilkerson v. Sullivan*, 99
12 Cal.App.4th 443, 446 (Cal. Ct. App. 2002). In ruling that the fee-shifting provision
13 applies in federal court, the 9th Circuit observed that the anti-SLAPP statute "adds an
14 additional, unique weapon to the pretrial arsenal, a weapon whose sting is enhanced by
15 a[n] entitlement to fees and costs." *United States ex rel. Newsham v. Lockheed Missiles*
16 *& Space Co.*, 190 F.3d 963, 973 (9th Cir. Cal. 1999).

17 Coenen is entitled to a judgment awarding her fees without delay. Giving
18 Medifast a free ride through appeal removes the sting from the anti-SLAPP statute and
19 condones precisely the abusive behavior the statute was designed to eliminate. Allowing
20 Medifast to defer its liability gives the company an incentive to continue its SLAPP on
21 appeal, while Coenen, even though she prevailed in her anti-SLAPP motion, is forced to
22 endure costly, time-consuming appellate proceedings. The fee-shifting provision is
23 designed to compensate a defendant for the expense of responding to a SLAPP suit.
24 Delay frustrates the remedial purpose of the anti-SLAPP statute and licenses Medifast to
25 continue litigating this case with impunity.
26 / / /
27 / / /
28 / / /

- 4 -

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT IN FAVOR OF DEFENDANTS TRACY COENEN AND SEQUENCE INC. AND AGAINST PLAINTIFFS MEDIFAST INC. AND BRADLEY MACDONALD**
**10cv382 JLS (BGS)**

### C. <u>Medifast Cannot Avoid Posting an Appeal Bond by Delaying the Fee Determination</u>

Consistent with the purpose underlying the anti-SLAPP statute, Medifast must post an appeal bond to stay enforcement of a fee judgment pending appeal. *Dowling*, 85 Cal.App.4th at 1427-1433.[3] In the anti-SLAPP context, this bond "promote[s] meritorious appeals, and [] deter[s] continued SLAPP litigation at the appellate level." *Dowling*, 85 Cal.App.4th at 1433-1434. The appeal bond protects the prevailing party against the risk of the judgment becoming uncollectible while the appeal is pending. *Lewin v. Anselmo*, (1997) 56 Cal.App.4th 694, 700 (Cal. Ct. App. 1997); *Exxon Valdez v. Exxon Mobil Corp.*, 568 F.3d 1077, 1084-1085 (9th Cir. Alaska 2009). Because the judgment entitles the prevailing Defendants to recover their fees, a fee determination is necessary now to ensure that Defendants are fully secured by Medifast's bond.

In addition, Coenen will request a bond sufficient to ensure payment of her costs on appeal, including her attorney's fees. *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950 (9th Cir. Cal. 2007). Under Federal Rule of Appellate Procedure 7, the district court may require an appellant to post security sufficient to ensure payment of costs on appeal. Fed. R. App. P. 7. In *Azizian*, the 9th Circuit held that a Rule 7 bond can include anticipated appellate attorney's fees if a fee-shifting statute provides for attorney's fees, and the appellee is eligible to recover attorney's fees. *Id.* at 955-959. Such is the case here. A prevailing SLAPP defendant is entitled to recover its appellate attorney's fees based on section 425.16(c). *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*, 47 Cal.App.4th 777, 779, 785 (Cal. Ct. App. 1996).

/ / /

/ / /

/ / /

---

[3] *See also* Fed. R. Civ. P. 62(d) (appellant must post supersedeas bond to stay enforcement of judgment while appeal is pending).

- 5 -

## II.

## <u>CONCLUSION</u>

For the above reasons, judgment should be entered in Coenen's favor against Medifast and Bradley MacDonald, and the judgment should specify that Coenen is entitled to recover her attorney's fees and costs pursuant to section 425.16(c). Furthermore, to protect Coenen's rights as a prevailing SLAPP defendant, she is entitled to a determination of her attorney's fees without delay, and Medifast must post a bond sufficient to secure Coenen's judgment and appellate costs.

                                                                                             KLINEDINST PC

DATED: April 27, 2011           By: **/s/ Leah A. Plaskin**
                                                                             Heather L. Rosing
                                                                             Leah A. Plaskin
                                                                             Stephen M. Duvernay
                                                                              Attorneys for Defendants
                                                                             TRACY COENEN and SEQUENCE, INC.

1176123v1

- 6 -

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT IN FAVOR OF DEFENDANTS TRACY COENEN AND SEQUENCE INC. AND AGAINST PLAINTIFFS MEDIFAST INC. AND BRADLEY MACDONALD**
**10cv382 JLS (BGS)**