# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIFAST, INC.; BRADLEY MACDONALD,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>BARRY MINKOW; FRAUD DISCOVERY INSTITUTE, INC.; ROBERT L. FITZPATRICK; TRACY COENEN; SEQUENCE, INC.; WILLIAM LOBDELL; IBUSINESS REPORTING; ZEEYOURSELF,<br><br>　　　　　　　　　　Defendants. | CASE NO. 10-CV-382 JLS (BGS)<br><br>**ORDER: GRANTING IN PART AND DENYING IN PART MOTIONS FOR JUDGMENT**<br><br>(ECF Nos. 131, 133) |

　　　Presently before the Court are (1) Defendants Tracy Coenen and Sequence, Inc.'s (collectively, Coenen) motion for judgment (ECF No. 131); and (2) Defendant Robert L. FitzPatrick's motion for judgment (ECF No. 133). Also before the Court are Plaintiffs' opposition and Coenen's and FitzPatrick's respective replies. (Opp'n, ECF No. 135; Coenen Reply, ECF No. 141; FitzPatrick Reply, ECF No. 146.) Having considered the parties' arguments and the law, the Court **GRANTS** Coenen's and FitzPatrick's motions in part and **DENIES** them in part.

## BACKGROUND

　　　Plaintiffs filed this action on February 17, 2010. (ECF No. 1.) The operative first amended complaint alleges four claims: (1) defamation; (2) civil conspiracy; (3) violation of California Corporations Code section 25400; and (4) violation of California Business and Professions Code

§ 17200. (FAC, ECF No. 11.) After Plaintiffs filed their FAC, Defendants moved to strike Plaintiff's complaint under California's anti-SLAPP statute. (ECF Nos. 12, 19, 44.) On May 6, 2010, the Court denied Defendants' motions to strike without prejudice and granted the parties ninety days in which to conduct discovery on four discrete issues. (Order 9, May 6, 2010, ECF No. 46.) Following two extensions of the limited discovery period (ECF Nos. 63, 83), Defendants renewed their motions to strike on November 9 and November 19, 2010 (ECF Nos. 88, 97, 98).

On March 29, 2011, the Court granted Defendants' motions in part and denied them in part. (Order, March 29, 2011, ECF No. 130.) Relevant here, the Court granted Coenen's motion in its entirety and granted FitzPatrick's motion as to all but Medifast's libel per se claim.[1] (*Id.* at 24.) Soon thereafter, Coenen and FitzPatrick filed the instant motions for entry of judgment pursuant to Federal Rule of Civil Procedure 54(b). (ECF Nos. 131, 133.)

**LEGAL STANDARD**

When a district court dismisses claims against fewer than all parties to an action, it has discretion to "direct entry of a final judgment as to [those parties] . . . only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009). In exercising this discretion, the court "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). "Partial judgment under Rule 54(b) is proper where there are distinct and severable claims and immediate review of the portions ruled upon will not result in later duplicative proceedings in the trial or appellate court." WILLIAM W. SCHWARZER ET AL., CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 14:382 (The Rutter Group 2010) (citing, *inter alia*, *Wood v. CGC Bend, LLC*, 422 F.3d 873, 878–79 (9th Cir. 2005)). Nevertheless, judgments under Rule 54(b) are not routinely granted and "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

---

[1] Plaintiffs and FitzPatrick have appealed the Court's Order granting in part and denying in part Defendants' motions to strike. (ECF Nos. 137, 143.)

## ANALYSIS

Because the Court's ruling on Defendants' anti-SLAPP motions to strike did not resolve the entire action, Coenen and FitzPatrick move for entry of partial judgment under Rule 54(b)—Coenen as to all of the claims against her, and FitzPatrick as to Plaintiff Bradley MacDonald's claims against him. (Mem. ISO Coenen Mot. 2, ECF No. 131-1; Mem. ISO FitzPatrick Mot. 2, ECF No. 133-1.) According to Coenen and FitzPatrick, "[n]o just reason for delay is presented here," and to delay entry of judgment in their favor would undermine the anti-SLAPP statute's purpose. (Mem. ISO Coenen Mot. 2–3; Mem. ISO FitzPatrick Mot. 2–3.)

Plaintiffs do not oppose Coenen's and FitzPatrick's requests for entry of judgment. (Opp'n 1.) What they *do* oppose is "an entry of judgment that provides for a blanket award of attorney's fees to Defendants at this stage." (*Id.*) And Plaintiffs request that the Court stay its decision on any fee petitions until after the Ninth Circuit resolves the pending appeals. (*Id.* at 5–6.)

In light of the circumstances, the Court will **GRANT** Coenen's and FitzPatrick's requests for entry of judgment. Whether or not the Court certifies final judgment on Plaintiffs' claims against Coenen and MacDonald's claims against FitzPatrick, the Ninth Circuit may be required to review the same set of facts twice. This is because Plaintiffs and FitzPatrick have already appealed the Court's Order on Defendants' motions to strike under Ninth Circuit authority permitting interlocutory review of rulings on such motions. *See Zamani v. Carnes*, 491 F.3d 990, 994 (9th Cir. 2007). Thus, the Ninth Circuit may well be faced with two appeals: one from the Court's Order on Defendants' motions to strike and another following resolution of Medifast's defamation claim against FitzPatrick. Entering final judgment now is not likely to result in further duplicative proceedings in the trial or appellate Court.

The equities involved also favor entry of partial judgment at this time. Specifically, entering judgment now may allow Coenen and FitzPatrick to expeditiously recover their attorney's fees and costs incurred in bringing their motions to strike. *See* Fed. R. Civ. P. 54(d)(2)(B)(i) (requiring claim for attorney's fees to be filed "no later than 14 days after the entry of judgment"). Under California Civil Procedure Code section 425.16(c), "any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." *Ketchum v. Moses*, 17 P.3d 735, 741 (Cal. 2001).

However, Coenen's and FitzPatrick's requests that the judgment specify that they are entitled to recover attorney's fees and costs pursuant to California Civil Procedure Code section 425.16(c) will be **DENIED**. Although the Court recognizes that an award of fees and costs is mandatory here, Coenen and FitzPatrick have cited no authority—and the Court is aware of none—for the proposition that the Court should specify their entitlement to fees and costs in the judgment. Nor have Coenen and FitzPatrick identified any practical reason for the Court to do so. Accordingly, the Court will incorporate any award of attorney's fees into the judgment *after* Coenen and FitzPatrick file properly noticed attorney's fees motions under Rule 54(d).

This brings the Court to Plaintiffs' request that the Court stay its decision on any fee petitions until after the Ninth Circuit resolves the pending appeals. At this time, this request will be **DENIED WITHOUT PREJUDICE**. Although Plaintiffs identify compelling reasons for deferring consideration of Coenen and FitzPatrick's attorney's fees motions (*see* Opp'n 5–6 (observing, *inter alia*, that stay would allow Court to award attorney's fees for motions and appeal in one fell swoop)), Plaintiffs' request is untimely because they made it in opposition to Coenen's and FitzPatrick's motions for judgment. The Court will not rule on such an important issue in the abstract—before attorney's fees motions have been filed—nor will it allow Plaintiffs to deprive Coenen and FitzPatrick a full and complete opportunity to respond.

## CONCLUSION

For the reasons stated, Coenen's and FitzPatrick's motions are **GRANTED** as to the requests for partial judgment but **DENIED** as to the requests that the judgment specify that Coenen and FitzPatrick are entitled to recover attorney's fees and costs. The clerk shall enter judgment in favor of Defendants Tracy Coenen and Sequence, Inc. as to all claims, and in favor of Defendant Robert L. FitzPatrick as to Plaintiff Bradley MacDonald's claims. Plaintiffs' request to stay consideration of any attorney's fee motions is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

DATED: August 25, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge