Heather L. Rosing, Bar No. 183986
Leah A. Plaskin, Bar No. 228008
Stephen M. Duvernay, Bar No. 250957
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California  92101
(619) 239-8131/FAX (619) 238-8707
hrosing@klinedinstlaw.com
lplaskin@klinedinstlaw.com
sduvernay@klinedinstlaw.com

Attorneys for Defendants
TRACY COENEN and SEQUENCE, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MEDIFAST, INC., a Delaware Corporation and BRADLEY MacDONALD, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>BARRY MINKOW, an individual; FRAUD DISCOVERY INSTITUTE, INC., a California corporation; ROBERT L. FITZPATRICK, an individual; TRACY COENEN, an individual; SEQUENCE, INC., a Wisconsin service corporation; WILLIAM LOBDELL, an individual; iBUSINESS REPORTING, a California business organization of unknown form; and 'ZEEYOURSELF', an individual,<br><br>Defendants. | Case No.   10cv382 JLS (BGS)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRACY COENEN AND SEQUENCE, INC.'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>**FED. R. CIV. P. 54(D)**<br>**CAL. CODE CIV. PROC. § 425.16(C)**<br><br>Date            December 15, 2011<br>Time:            1:30 p.m.<br>Courtroom:   6 - 3rd Floor<br>Judge:           Janis L. Sammartino<br>Magistrate Judge:   Bernard G. Skomal<br>Complaint Filed:    February 17, 2010<br>Trial Date:      None set |

# I.

# INTRODUCTION

Defendants Tracy Coenen and Sequence Inc. request an award of attorney's fees and costs pursuant to Federal Rule of Civil Procedure section 54, subdivision (d), and California Code of Civil Procedure section 425.16, subdivision (c).

# II.

# FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Medifast, Inc. and Bradley MacDonald filed their complaint on February 17, 2010, alleging four causes of action against Coenen: defamation, violation of Corporations Code section 25400, and violation of Business and Professions Code section 17200. [Doc. No. 1.] On April 12, 2010, Coenen moved to strike the Complaint under California's anti-SLAPP statute. [Doc. No. 7.] That same day, Medifast amended its complaint to add a claim for civil conspiracy. [Doc. No. 11.] On April 17, 2010, Coenen filed a motion to strike the First Amended Complaint ("FAC"). [Doc. No. 12.] Other defendants followed suit. [Doc. Nos. 19, 44.]

On May 6, 2010, the Court granted Medifast relief to conduct limited discovery into issues Defendants raised by the motions, and directed Defendants to refile their motions to strike after the close of the limited discovery period. [Doc. No. 46.] The limited discovery period was extended twice. [Doc. Nos. 63, 83.] Coenen refiled her motion to strike on November 9, 2010. [Doc. No. 97.]

On December 27, 2010, Plaintiffs filed a consolidated opposition brief, along with reams of evidence. [Doc. Nos. 106-114, 116.] On January 18, 2011, Coenen filed her reply brief. [Doc. No. 124.]

On March 18, 2011, the Court held oral argument on the motions to strike. [Doc. 129.] On March 29, 2011, the Court granted Coenen's motion to strike. [Doc. 130.] On March 30, 2011, Coenen moved for entry of judgment under Federal Rule of Civil Procedure 54(b). [Doc. 131.] On August 25, 2011, the Court granted Coenen's motion for judgment and entered judgment in her favor. [Doc. Nos. 162-163.]

# III.

# **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 54, subdivision (d), a prevailing party may request an award of costs and attorney's fees by noticed motion. Fed. R. Civ. P. 54(d). California's anti-SLAPP statute provides for a mandatory award of attorney's fees and costs to a prevailing defendant on a special motion to strike. Cal. Code Civ. Proc. § 425.16(c);[1] *Ketchum v. Moses*, 24 Cal.4th 1122, 1131 (Cal. 2001). The Ninth Circuit has confirmed that defendants sued in federal courts can bring anti-SLAPP motions to strike state law claims and are entitled to attorneys' fees and costs when they prevail. *Verizon Del., Inc. v. Covad Communs. Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004). The award not only includes fees incurred in connection with the anti-SLAPP motion, but also those fees incurred in seeking the mandatory fee award. *Ketchum*, *supra*, 24 Cal.4th at 1141 (citing *Serrano v. Unruh*, 32 Cal.3d 621, 638-39 (Cal. 1982); *Metabolife Int'l, Inc. v. Wornick*, 213 F.Supp.2d 1220, 1223-24 (S.D. Cal. 2002).

The court has broad discretion in determining the reasonable amount of attorneys' fees and costs to award to a prevailing defendant. *Metabolife International, Inc.*, 213 F.Supp.2d at 1222 (S.D. Cal. 2002) (citing *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*, 47 Cal.App.4th 777, 785 (Cal. Ct. App. 1996) and holding that the prevailing SLAPP defendant was entitled to all of the legal fees and costs he incurred in retaining two firms to provide a defense against the plaintiff's SLAPP lawsuit.) The amount of reasonable fees awarded to the prevailing party is calculated according to a two part lodestar/multiplier approach. *Ketchum v. Moses*, 24 Cal.4th 1122, 1131-36 (Cal. 2001). Under the lodestar method, a court determines an initial estimate of fees by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id*. at p. 1132 (citing *Serrano v. Priest*, 20 Cal.3d 25, 49 (Cal. 1977) ("Serrano III")). A

---

[1] California Code of Civil Procedure section 425.16(c)(1) provides: "In any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs."

- 2 -

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRACY COENEN AND SEQUENCE, INC.'S MOTION FOR ATTORNEYS' FEES AND COSTS**
**10cv382 JLS (BGS)**

court may then adjust the lodestar figure upward or downward using a "multiplier" based on factors not subsumed in the initial calculation of the lodestar. *Id.*; *see also Jordan v. Multnomah County*, 815 F.2d 1258, 1262 n.5 (9th Cir. 1987) (describing lodestar adjustment method in federal court). The lodestar adjustment method "anchors the trial court's analysis to an objective determination of the value of the attorney's services, ensuring that the amount awarded is not arbitrary." *PCLM Group, Inc. v. Drexler* 22 Cal.4th 1084, 1095 (Cal. 2000) (citing *Serrano III*, 20 Cal.3d at 48 fn. 23).

## IV.

## ARGUMENT

### A. The Requested Hourly Rates Are Reasonable

A reasonable hourly rate is calculated according to the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. Cal. 2008). The community where the court sits is the relevant market for determining reasonable fees. See *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). The burden is on the successful party to prove the appropriate market rate to be used in calculating the lodestar. *Blum v. Stenson* (1984) 465 U.S. 886, 895, fn. 11. The moving party may satisfy its burden through its own affidavits, without additional evidence. *Davis v. City of San Diego*, 106 Cal.App.4th 893, 903 (Cal. Ct. App. 2003). In assessing a reasonable hourly rate, the trial court is allowed to consider the attorney's skill as reflected in the quality of the work, as well as the attorney's reputation and status, and its own knowledge of rates in the community. See *Ketchum*, 24 Cal.4th at p. 1139; *PLCM Group*, 22 Cal.4th at 1095-1096.

Coenen requests an award of fees based on the following rates:

- Heather Rosing (Shareholder) - $400 an hour
- Leah Plaskin (Senior Associate) - $275 an hour
- Stephen Duvernay (Associate) - $250 an hour

///

- 3 -

These rates are reasonable based on the prevailing market rate in the San Diego community for complex civil litigation.

### 1. Coenen's Attorneys Are Entitled to Recover Their Attorney's Fees At The Prevailing Market Rate

The billing rates Klinedinst charged for its work are $205 per hour for shareholders and $185 per hour for associates. These rates reflect a significant volume-based discount based on the firm's relationship with Coenen's insurance carrier. These rates are below the prevailing hourly rate for similar work in the San Diego community. [Dec. H. Rosing ¶ 7.] Coenen's attorneys are entitled to recover their fees at the prevailing market rate, even though it charged a discounted rate to the client. The California Supreme Court has repeatedly held that under the lodestar method, an attorney is entitled to be compensated at hourly rates that reflect the prevailing market rate for like services in the community. *Serrano*, 20 Cal.3d at 48-49; *Ketchum*, 24 Cal.4th at 1131; *PCLM Group, Inc.*, 22 Cal.4th 1084. "This standard applies regardless of whether the attorneys claiming fees charge nothing for their services, charge at below-market or discounted rates, represent the client on a straight contingent fee basis, or are in-house counsel." *Chacon v. Litke*, 181 Cal.App.4th 1234, 1260 (Cal. Ct. App. 2010); *see also Center for Biological Diversity v. County of San Bernardino*, 188 Cal.App.4th 603, 619 (Cal. Ct. App. 2010) (affirming award based on prevailing market rate, even though firm accepted reduced rates).

Allowing attorneys to recover at the prevailing market rate furthers the remedial purpose of the anti-SLAPP statute, by encouraging attorneys to make their services more widely available in cases where a defendant's constitutionally-protected rights are challenged. Using the prevailing market rate discourages SLAPP lawsuits and ensures that a prevailing defendant's attorneys are fully compensated for the value of their time.

### 2. Klinedinst's Current Market Rates

The market rates currently charged by Klinedinst for the services of the three attorneys on this case are $400 an hour for shareholder Heather Rosing, $275 an hour for

- 4 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRACY COENEN AND SEQUENCE, INC.'S MOTION FOR ATTORNEYS' FEES AND COSTS
10cv382 JLS (BGS)

senior associate Leah Plaskin, and $250 an hour for associate Stephen Duvernay.  [Dec. H. Rosing ¶ 9.]  These rates are actually charged to and paid by clients, and are generally in line with the currently prevailing rates in the San Diego community for complex civil litigation.  [Dec. H. Rosing ¶¶ 8-10.]  Recent anti-SLAPP fee awards confirm that these rates are reasonable.

### 3.     The Rates Are Reasonable Based On Recent Awards From This Court

Two years ago, in *Fleming v. Cornerstone*, this Court awarded Klinedinst attorney's fees pursuant to section 425.16(c), finding reasonable rates of $425 for shareholders, $245 for senior associates and $220 for junior associates.  In *Fleming*, plaintiff sued defendant for breach of contract, defamation, and civil extortion related to a dispute over the purchase of a patent. *Fleming v. Coverstone*, 2009 U.S. Dist. LEXIS 22021, *1-2 (S.D. Cal., Mar. 18, 2009).  The defamation and extortion causes of action were based on a letter from defendant which, plaintiff alleged, "threatened to publicly accuse Plaintiff of 'serious ethics violations,' including publicly accusing Plaintiff of an 'illegal tax scam' unless Plaintiff paid Defendant $ 10,000.00." *Id*. *4-5.

*Fleming* required two anti-SLAPP motions.  When Coverstone filed his first anti-SLAPP motion, plaintiff was given leave to amend his complaint and dropped his defamation claim.[2]  Defendant then refiled his anti-SLAPP motion to the extortion cause of action.  The Court found that plaintiff did not establish a probability of prevailing on his extortion claim because the statements made in the letter were protected by California's statutory litigation privilege.[3]  *Fleming*, 2009 U.S. Dist. LEXIS 22021, *6-15.

The court awarded defendant his attorney's fees for both motions, finding reasonable rates of $425 for shareholders, $245 for senior associates and $220 for junior associates.  *Fleming v. Coverstone*, 2009 U.S. Dist. LEXIS 22083, *15-18 (S.D. Cal.,

/ / /

---

[2] See *Fleming v. Coverstone*, 2009 U.S. Dist. LEXIS 22083, *1-3 (S.D. Cal., Mar. 18, 2009).
[3] Civ. Code, § 47(b).

- 5 -

Mar. 18, 2009) (discussing reasonableness of rates); *Fleming v. Coverstone*, 2009 U.S. Dist. LEXIS 53825 *9-16 (S.D. Cal., June 25, 2009) (awarding fees for second anti-SLAPP motion).

Compared to *Fleming*, which involved the application of California's litigation privilege to a single letter, the work in this case was considerably more complex. Medifast's complaint raised a series of issues, including complex defamation issues, the application of California's market manipulation and unfair business practices statute, and an alleged conspiracy to defame a publicly-traded company. And, unlike *Fleming*, this matter has been tenaciously litigated. Coenen filed three anti-SLAPP motions, participated in nearly six months of limited discovery, and responded to a sixty page opposition brief that carried with it over two thousand pages of evidence.

In addition to *Fleming*, this Court's awards of anti-SLAPP fees in two other cases over the past three years provide guidance:

- Last year, this Court awarded an experienced attorney a rate of $350 an hour for his work in bringing a partially-successful anti-SLAPP motion. *Ravet v. Stern*, 2010 U.S. Dist. LEXIS 79589, *15-16 (S.D. Cal. 2010).

- In 2008, this Court awarded attorney's fees pursuant to section 425.16(c) at $400 an hour for lead counsel and partner in the firm, $350 for appellate and law and motion counsel, and $250 for associates. *Cornwell v. Belton*, 2008 U.S. Dist. LEXIS 907, 2008 WL 80724 (S.D. Cal. 2008).

The requested rate of $400 for Ms. Rosing is reasonable in light of her skill, experience, and reputation. Coenen reduced the rates for Ms. Plaskin ($275, from $300) and Mr. Duvernay ($250, from $260) to bring them in line with recent fee awards for complex SLAPP litigation in this district.

**B.   The Number Of Hours Spent By Coenen's Attorneys Was Reasonable And Necessary**

Coenen requests a fee award for the following hours spent by her attorney's related to the anti-SLAPP motion:

| CATEGORY | *HLR* | *LAP* | *SMD* | *JWS* |
|---|---|---|---|---|
| **Case Analysis; Draft Anti-SLAPP** | 6 | 16.1 | 112.7 | 0.5 |
| **Discovery** | 27.8 | 43.3 | 324.2 | 0 |

- 6 -

| CATEGORY | HLR | LAP | SMD | JWS |
|---|---|---|---|---|
| **Revised Anti-SLAPP and Reply** | 1.1 | 46.5 | 147.6 | 0 |
| **Oral Argument** | 14.3 | 0.1 | 21.4 | 0 |
| **Post-Argument (Through 03/31)** | 1.7 | 1.2 | 9.6 | 0 |
| **Judgment/Fee Motions (04/01 – Present)** | 0 | 2.2 | 72.2 | 0 |
| Total | 50.9 | 109.4 | 687.7 | .5 |

A detailed, task-specific summary of the hours spent is provided in the Declaration of Stephen Duvernay, and a compilation of the time is included in Exhibit 1.

Based on these hours, Coenen requests a fee award of $222,495.00:

| **Person** | **Hourly Rate** | **Hours** | **Fees** |
|---|---|---|---|
| Heather L. Rosing | 400.00 | 50.9 | $20,360.00 |
| Leah A. Plaskin | 275.00 | 109.4 | $30,085.00 |
| Stephen M. Duvernay | 250.00 | 687.7 | $171,925.00 |
| Jason W. Schaff | 250.00 | 0.5 | $125.00 |
| **Total:** | | | **$222,495.00** |

## C.   Coenen Is Entitled To Recover Her Costs

Coenen incurred $15,612.94 in costs related to the anti-SLAPP motion. The cost items are set forth in Exhibit 2, which represents costs actually billed to the client.

## V.

## CONCLUSION

For the reasons set forth above, the requested relief should be granted.

KLINEDINST PC

DATED: September 8, 2011        By:  /s/ **Leah A. Plaskin**
                                       Heather L. Rosing
                                       Leah A. Plaskin
                                       Stephen M. Duvernay
                                       Attorneys for Defendants
                                       TRACY COENEN and SEQUENCE, INC.

1263270v1

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101