UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIFAST, INC., a Delaware corporation; and BRADLEY MacDONALD, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>BARRY MINKOW; FRAUD DISCOVERY INSTITUTE, INC.; ROBERT L. FITZPATRICK; TRACY COENEN; SEQUENCE, INC.; WILLIAM LOBDELL; IBUSINESS REPORTING; and, ZEEYOURSELF,<br><br>    Defendants. | Civil No.   10cv0382-CAB (BGS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR JUDGMENT IN FAVOR OF DEFENDANT ROBERT FITZPATRICK AGAINST PLAINTIFF MEDIFAST, INC.**<br><br>**[Doc. Nos. 165]** |

      On September 30, 2011, Defendant Robert Fitzpatrick filed a motion for judgment in favor of Defendant Robert Fitzpatrick against Plaintiff Medifast, Inc. [Doc. No. 155.] On November 3, 2011, Plaintiffs filed an opposition to the motion for judgment. [Doc. No. 172.] On November 10, 2011, Defendant Fitzpatrick filed a reply to the opposition. [Doc. No. 174.] On December 8, 2011, District Judge Sammartino vacated the hearing and took the matter under submission pursuant to Civil Local Rule 7.1(d)(1). [Doc. No. 176.] On February 15, 2012, this case was transferred to District Judge Bencivengo. [Doc. No. 182.] Having considered the parties' submissions, as well as the other filings and rulings in this matter, the Court **HEREBY GRANTS** in part and **DENIES** in part the motion for judgment.

BACKGROUND

Plaintiffs filed this action on February 17, 2010. [Doc. No. 1.] The operative first amended complaint (FAC) alleges four claims: (1) defamation; (2) civil conspiracy; (3) violation of California Corporations Code section 25400; and (4) violation of California Business and Professions Code § 17200. [Doc. No. 11.] After Plaintiffs filed their FAC, Defendants moved to strike Plaintiffs' complaint under California's anti-SLAPP statute. [Doc. Nos. 12, 19, 44.] On May 6, 2010, District Judge Sammartino denied Defendants' motions to strike without prejudice and granted the parties ninety days in which to conduct discovery on four discrete issues. [Doc. No. 46.] Following two extensions of the limited discovery period [Doc. Nos. 63, 83], Defendants renewed their motions to strike on November 9 and November 19, 2010 [Doc. Nos. 88, 97, 98].

On March 29, 2011, District Judge Sammartino granted Defendants' motions in part and denied them in part. [Doc. No. 130.] Specifically, the Court granted the motion of Defendants Barry Minkow, Fraud Discovery Institute, Inc., William Lobdell and iBusiness Reporting (hereinafter the "Minkow Defendants") in its entirety; granted the motion of Defendants Tracy Coenen and Sequence, Inc. (hereinafter "Coenen") in its entirety; and granted the motion of Defendant Fitzpatrick as to all but Plaintiff Medifast's libel per se claim. [*Id.* at 24.][1]

On March 30, 2011, Defendants Coenen and Fitzpatrick[2] filed motions for judgment. [Doc. Nos. 131, 133.] On August 25, 2011, District Judge Sammartino granted in part and denied in part the motions for judgment. [Doc. No. 162.]

LEGAL STANDARD

When a district court dismisses claims against fewer than all parties to an action, it has discretion to "direct entry of a final judgment as to [those parties] ... only if the court expressly determines that there is no just reason for delay." Fed.R.Civ.P. 54(b); *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir.2009). In exercising this discretion, the court "must take into account judicial administrative interests as well as the equities involved." *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8, 100

---

[1] Plaintiffs and Fitzpatrick have appealed the Court's order granting in part and denying in part Defendants' motions to strike. [Doc. Nos. 137, 143.]

[2] Fitzpatrick's motion was for judgment against Plaintiff MacDonald only.

S.Ct. 1460, 64 L.Ed.2d 1 (1980). "Partial judgment under Rule 54(b) is proper where there are distinct and severable claims and immediate review of the portions ruled upon will not result in later duplicative proceedings in the trial or appellate court." WILLIAM W. SCHWARZER ET AL., CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 14:382 (The Rutter Group 2010) (citing, *inter alia*, *Wood v. CGC Bend*, LLC, 422 F.3d 873, 878–79 (9th Cir.2005)). Nevertheless, judgments under Rule 54(b) are not routinely granted and "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison–Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir.1981).  Finally, while there is no fixed time limit on making a motion for entry of final judgment under Rule 54(b), the motion should be "seasonable" in order to be consistent with the rule's purpose of allowing review where there is "no just reason for delay."  *Bank of New York v. Hoyt,* 108 FRD, 184, 186 (D. RI 1985).

## ANALYSIS

District Judge Sammartino granted the anti-SLAPP motion of Defendant Fitzpatrick in its entirety as to Plaintiff MacDonald and granted it as to Plaintiff Medifast except for Medifast's claim against Defendant Fitzpatrick for libel per se.. [Doc. No. 130.]  On August 25, 2011, District Judge Sammartino granted in part and denied in part the motion of Defendant Fitzpatrick as to Plaintiff MacDonald for partial judgment under Rule 54(b). [Doc. No. 162 at 4.] Here, with regard to Plaintiff Medfast's second, third and fourth causes of action, this Court adopts the analysis set forth by District Judge Sammartino in granting in part and denying part the motion of Defendant Fitzpatrick against Plaintiff MacDonald for partial judgment under Rule 54(b). [Doc. No. 162 at 3-4.] Specifically, there is no just reason for delay, final (partial) judgment is not likely to result in further duplicative proceedings in the trial or appellate court, and the equities favor entry of partial judgment at this time so that Defendant may seek to expeditiously recover his attorneys fees and costs incurred in bringing his motion to strike. [Doc. No. 162 at 3.] In addition, the Court sees no reason to specify the Defendant's entitlement to fees and costs in the judgment; rather, the Court will incorporate any award of attorneys' fees into the judgment after Defendant  files a properly noticed attorneys' fees motions under Rule 54(d). [Doc. No. 62 at 4.]

One difference between the motion filed by Defendant Fitzpatrick against Plaintiff MacDonald and this motion is that Defendant Fitzpatrick did not file this motion for entry of judgment against Plaintiff Medifast until September 30, 2011, six months after the order granting in part and denying part his anti-SLAPP motion. While there is no fixed time limit on making a motion for entry of final judgment under Rule 54(b), the motion should be "seasonable" in order to be consistent with the rule's purpose of allowing review where there is "no just reason for delay." *Bank of New York v. Hoyt*, 108 FRD, 184, 186 (D. RI 1985). However, Plaintiffs have not opposed the motion on this ground, and the timing of the motion will not affect the status of the matter or the pending interlocutory appeal. Therefore, this Court does not see the delay in filing the motion as a reason to deny it.

Finally, the Court declines Defendant Fitzpatrick's request to grant the motion for partial judgment as to the first cause of action. A Rule 54(b) judgment is allowed only where the court disposes of "one or more . . . . *claims* or parties." Thus, if the court's ruling resolved only a *portion* of a claim or an isolated issue, judgment cannot be entered under Rule 54(b) and therefore immediate appeal is unavailable. WILLIAM W. SCHWARZER ET AL., CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 14:386 (The Rutter Group 2010) (citing *FDIC v. Elefant*, 790 F.2d 661, 664 (7th Cir. 1986); *Arizona State Carpenters Pension Trust Fund v. Miller*, 938 F.2d 1038 (9th Cir. 1991)). Here, while District Judge Sammartino ruled that certain statements did not amount to libel per se,[3] she also ruled that one statement – the "endless chain" allegation – did state a claim for libel per se. As further explained by District Judge Sammartino, "[b]ecause Medifast has shown a probability of prevailing on its libel per se claim regarding the statement that TSFL is an endless chain in violation of Penal Code section 327, the entire libel per se claim against Fitzpatrick stands. (Citations omitted.)" [Doc. No. 130 at 18, n. 15.] *See also Bulletin Displays, LLC v. Regency Outdoor Advertising, Inc.*, 448 F.Supp.2d 1172, 1180 (C.D. Cal. 2006) (Anti-SLAPP motions challenge particular causes of action, rather than individual allegations or theories supporting a cause of action). Therefore, Defendant Fitzpatrick's motion for judgment as to the first cause of action is **DENIED**.

---

[3] District Judge Sammartino's rulings that certain statements do not amount to libel per se are law of the case and, therefore, may be the basis to exclude evidence at trial that is not related to the 'endless chain" allegation. *See Thomas v. Bible*, 983 F.2d 152, 1543 (9th Cir. 1993) (under the "law of the case" doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.")

CONCLUSION

For the reasons stated, Defendant Fitzpatrick's motion is **GRANTED** as to the request for partial judgment against Plaintiff Medifast, Inc. with regard to the second, third and fourth causes of action but **DENIED** as to the first cause of action and **DENIED** as to the request that the judgment specify that Defendant Fitzpatrick is entitled to recover attorneys' fees and costs.  The clerk shall enter judgment in favor of Defendant Fitzpatrick against plaintiff Medifast, Inc. as to the second, third, and fourth causes of action only.

**IT IS SO ORDERED**.

DATED:  April 13, 2012

_____
**CATHY ANN BENCIVENGO**
United States District Judge