# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIFAST, INC., a Delaware Corporation, BRADLEY MACDONALD, an individual,<br><br>Plaintiffs,<br>vs.<br><br>BARRY MINKOW, an individual, FRAUD DISCOVERY INSTITUTE, INC., a California corporation, ROBERT L. FITZPATRICK, an individual, TRACY COENEN, an individual, SEQUENCE, INC., a Wisconsin service corporation, WILLIAM LOBDELL, an individual, iBUSINESS REPORTING, a California business organization of unknown form, THOMAS ZIEMANN, an individual also known as Zeeyourself,<br><br>Defendants. | CASE NO. 10-cv-382-CAB (BGS)<br><br>ORDER ON DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES AND COSTS AND ON PLAINTIFF BRADLEY MACDONALD'S MOTION FOR SANCTIONS<br><br>[Doc. Nos. 164, 169, 180, 193, 194] |

This matter is before the court on defendants' motions for attorneys' fees and costs [Doc. Nos. 164, 169, 193, 194] and on plaintiff Bradley MacDonald's motion for sanctions. [Doc. No. 180.] For the reasons set forth below, the court denies the motions without prejudice to refiling following disposition of the cross-appeals. The court also schedules a telephonic status conference for Wednesday, November 6, 2013, at 10:00 a.m. and directs the parties to submit a joint status report no later than Friday, October 25, 2013.

## BACKGROUND

Plaintiff Medifast, Inc. is a Delaware corporation that produces, distributes, and sells "weight management and health management consumable products" under a variety of brand names, including Take Shape for Life ("TSFL"). [Doc. No. 11 ¶¶ 6, 18.] Plaintiff Bradley Macdonald, at times relevant to this litigation, was the executive chairman of Medifast's board of directors, a Medifast shareholder, and the co-founder of TSFL. [*Id.* ¶ 7.]

Plaintiffs filed their amended complaint on April 12, 2010, alleging that defendants engaged in a series of coordinated attacks on Medifast and the TSFL program designed to increase the value of a short position defendants held in Medifast stock. [Doc. No. 11 ¶¶ 1-5.] Plaintiffs asserted causes of action for defamation, civil conspiracy to defame, violation of Cal. Corp. Code § 25400, and unfair competition in violation of Cal. Bus. & Prof. Code § 17200. [*Id.* ¶¶ 97-124.]

After a limited discovery period, defendants, proceeding in three groups, filed motions to strike under California's anti-SLAPP statute, California Code of Civil Procedure section 425.16. [Doc. Nos. 88, 97, 98.] On March 29, 2011, the court granted the motions to strike in full as to defendants Barry Minkow, Fraud Discovery Institute, Inc. ("FDI"), Tracy Coenen, Sequence, Inc. ("Sequence"), William Lobdell, and iBusiness Reporting ("iBusiness"). [Doc. No. 130 at 24.][1]  As to the remaining defendant, Robert Fitzpatrick, the court granted his motion to strike plaintiff Macdonald's claims but denied the motion as to Medifast's libel per se claim. [*Id.* at 7, 18.]

On April 26, 2011, plaintiffs appealed the court's order on the motions to strike. [Doc. No. 137.] The following day, defendant Fitzpatrick appealed the court's order insofar as it denied his motion to strike plaintiff Medifast's libel per se claim. [Doc. No. 143.] These cases remain pending on appeal. *See* Ninth Circuit Case Nos. 11-55687, 11-55699.

---

[1] The court refers throughout this order to those page numbers assigned by CM/ECF.

On August 25, 2011, the court granted judgment in favor of defendants Coenen and Sequence on all claims and in favor of defendant Fitzpatrick on MacDonald's claims, pursuant to Federal Rule of Civil Procedure 54(b). [Doc. No. 162.] The case was transferred to the undersigned in February 2012. [Doc. No. 182.] The court then entered partial judgment in favor of Fitzpatrick and against Medifast with regard to all but Medifast's libel per se claim. [Doc. No. 191.] Judgment also entered as to all claims in favor of defendants Minkow, Lobdell, FDI, and iBusiness. [Doc. No. 192.] Thus, only one claim remains pending in this action – Medifast's libel per se claim against Fitzpatrick.

On September 8, 2011, defendants Coenen and Sequence filed a motion for attorneys' fees, with reference to Federal Rule of Civil Procedure 54(d) and California Code of Civil Procedure section 425.16(c). [Doc. No. 164.] They seek an award of $222,495.00 in fees and $15,612.94 in costs. [Doc. No. 164-1 at 8.]

Defendant Fitzpatrick filed a motion for attorneys' fees against plaintiff MacDonald on October 17, 2011. [Doc. No. 169.] He seeks $329,775.00 in fees and $10,429.87 in costs. [Doc. No. 169-1 at 18.] MacDonald countered with a Rule 11 motion for sanctions against Fitzpatrick's counsel, Christopher Grell. [Doc. Nos. 180.] On April 27, 2012, Fitzpatrick filed a separate motion for attorneys' fees against plaintiff Medifast, this time seeking $300,615.00 in fees and $10,429.87 in costs. [Doc. No. 193-1 at 22.]

Defendants Minkow, Lobdell, FDI and iBusiness also filed a motion for attorneys' fees on April 27, 2012. [Doc. No. 194.] They seek $300,172.50 in attorneys' fees and $9,769.61 in costs related to their anti-SLAPP motion to strike, and they request additional fees and costs related to their pursuit of fees. [Doc. No. 202 at 10.]

On May 31, 2012, the Minkow defendants filed a notice informing of the death of plaintiff MacDonald. [Doc. No. 198.] Finally, on May 20, 2013, the Ninth Circuit ordered the submission of the cross-appeals "vacated and deferred pending the disposition of the petition for rehearing en banc in *Makaeff v. Trump University, LLC*,

--- F.3d ----, 2013 WL 1633097 (9th Cir. 2013)."

## DISCUSSION

As stated above, four motions for attorneys' fees are pending before this court. [Doc. Nos. 164, 169, 193, 194.] Though plaintiffs object to the amounts requested from defendants Coenen and Sequence [Doc. No. 171] and from defendants Minkow, Lobdell, FDI and iBusiness [Doc. No. 201], plaintiffs do not dispute that those defendants are entitled to an award of attorneys' fees and costs as prevailing defendants on anti-SLAPP motions to strike (assuming affirmation in the Ninth Circuit). *See* Cal. Civ. Proc. Code § 425.16(c). As to these defendants, plaintiffs dispute mainly the rates requested and the scope of work for which defendants can recover.

But plaintiffs contend that defendant Fitzpatrick is not entitled to recover *any* fees or costs. Plaintiff MacDonald argues that Fitzpatrick's motion for fees is untimely and dishonest. [Doc. No. 175 at 5.] Indeed, in addition to opposing Fitzpatrick's motion, MacDonald separately moves for Rule 11 sanctions against Fitzpatrick's attorney, Christopher Grell. [Doc. No. 180.] Medifast, in turn, argues that Fitzpatrick cannot recover fees from Medifast because Fitzpatrick did not prevail on his anti-SLAPP motion against Medifast, where Medifast's libel per se claim against Fitzpatrick remains. [Doc. No. 200 at 6.] And, like MacDonald, Medifast argues that Fitzpatrick should not recover fees or costs due to his alleged misrepresentations to the court. [*Id.*]

In response to all of defendants' motions for fees and costs, plaintiffs contend that this court should withhold adjudication pending disposition of the cross-appeals before the Ninth Circuit. This argument is persuasive.

The Advisory Committee Notes to Federal Rule of Civil Procedure 54(d)(2) provide that "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54(d)(2) advisory committee's note (1993). Thus, where an appeal of an order granting a defendant's anti-SLAPP motion to strike is

1  pending, the district court has discretion to deny without prejudice a defendant's motion
2  for fees and costs, pending disposition of the appeal. *See Harrell v. George*,
3  2:11-CV-00253-MCE, 2012 WL 5906659, at *1 (E.D. Cal. Nov. 26, 2012) (denying the
4  fees motion of a defendant who prevailed on an anti-SLAPP motion to strike, without
5  prejudice to renewal following disposition of the matter upon appeal); *Buzayan v. City*
6  *of Davis Police Dep't*, 206:CV-01576MCEDAD, 2007 WL 2751198, at *1 (E.D. Cal.
7  Sept. 19, 2007) (same).
8        Here, the interest of judicial economy supports withholding adjudication of the
9  motions for attorneys' fees and motion for sanctions.  Upon further review of the
10 parties' briefing, the court finds that a hearing is necessary to resolve the parties'
11 motions. The court would benefit from oral argument as to the legal issues raised, such
12 as the timeliness of the fee applications, the scope of work for which defendants can
13 recover fees, and whether Fitzpatrick is a "prevailing party" as comprehended by
14 California Code of Civil Procedure section 425.16(c). And because the undersigned did
15 not preside over the prior anti-SLAPP proceedings, there is even greater need for oral
16 argument as to the reasonableness and accuracy of the fees and costs sought,
17 particularly as to Fitzpatrick.
18       In the pending appeal, plaintiffs request that the Ninth Circuit "reverse the
19 District Court's Order granting the anti-SLAPP Motions to Strike." Case No. 11-55687,
20 Docket Entry 34-1 at 69, January 13, 2012.  If plaintiffs obtain reversal, then the court
21 would have uselessly expended time and effort in resolving the fees and sanctions
22 motions, and the parties would have wasted resources in preparing for the hearing.
23 Further, if defendants prevail and the Ninth Circuit affirms the order striking plaintiffs'
24 claims, then the matter could be remanded to this court to determine defendants'
25 entitlement to fees and expenses in connection with the appeal. *See*, *e.g.*, *Zwebner v.*
26 *Coughlin*, 05-56756, 2007 WL 2141506, at *2 (9th Cir. July 26, 2007). The court and
27 the parties would benefit from resolving the fees and costs issue in one proceeding,
28 rather than two.

Defendants contend that if this court further postpones disposition of the fees motions, "the relevant circumstances will no longer be fresh in the mind of the district court judge." *Masalosalo by Masalosalo v. Stonewell Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983). This argument has little weight, however, because the undersigned did not adjudicate the anti-SLAPP motions to strike.

## CONCLUSION

Defendants' motions for attorneys fees and costs [Doc. Nos. 164, 169, 193, 194] and plaintiff MacDonald's motion for sanctions [Doc. No. 180] are **DENIED WITHOUT PREJUDICE** to refiling within thirty days following disposition of this matter on appeal. The court hereby **SCHEDULES** a telephonic status conference with the parties for **Wednesday, November 6, 2013, at 10:00 a.m.** The parties should conference-call chambers at (619)-557-7688. In addition, the parties shall file a joint status report, no later than **Friday, October 25, 2013**, limited to ten pages and addressing (1) the status of the cross-appeals; (2) the impact plaintiff MacDonald's death has on this matter; and (3) whether a scheduling order is necessary for plaintiff Medifast's remaining libel claim defendant Fitzpatrick.

**IT IS SO ORDERED.**

DATED: September 27, 2013

_____
**CATHY ANN BENCIVENGO**
United States District Judge