Robert A. Giacovas, Esq., appearing *pro hac vice*
Lainie E. Cohen, Esq., SBN 216726
LAZARE POTTER & GIACOVAS, LLP
950 Third Avenue
New York, NY 10022
**P** 212.758.9300 / **F** 212.888.0919
Email: RGiacovas@lpgllp.com
Email: LCohen@lpgllp.com

Kenneth C. Turek, Esq., SBN 97908
George H. Kaelin III, Esq., SBN 157048
ENDEMAN, LINCOLN, TUREK & HEATER LLP
600 B Street, Suite 2400
San Diego, CA 92101-4508
**P** 619.544.0123 / **F** 619.544.9110
Email: KCT@elthlaw.com
Email: GHK@elthlaw.com

Attorneys for Plaintiff MEDIFAST, INC. and Special Counsel to the ESTATE of BRADLEY MacDONALD

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

MEDIFAST, INC., a Delaware Corporation, and BRADLEY MacDONALD, an individual,

Plaintiffs,

v.

BARRY MINKOW, FRAUD DISCOVERY INSTITUTE, INC.; ROBERT L. FITZPATRICK; TRACY COENEN; SEQUENCE, INC.; WILLIAM LOBDELL; IBUSINESS REPORTING; ZEEYOURSELF,

Defendants.

CASE NO. 10-CV-0382-JLS BGS

**JOINT STATUS REPORT**

The parties, Plaintiffs Medifast, Inc. ("Medifast"), and Shirley MacDonald as personal representative of Bradley MacDonald's estate ("Shirley"; collectively "Plaintiffs") and Defendants Barry Minkow and Fraud Discovery Institute (collectively "Minkow"), Sequence, Inc. and Tracy

Coenen (collectively "Coenen"), and William Lobdell and iBusiness Reporting[1] by and through their attorneys of record, hereby submit this Joint Status Report as ordered by the Court on September 27, 2013:[2]

**1. Status of the Cross-Appeals:**

Notice of appeal was filed by Plaintiffs on April 26, 2011 (Doc. No. 137) and by FitzPatrick on April 27, 2011 (Doc. No. 142). As of December 20, 2012, the cross-appeals were fully-briefed, and Oral Argument was set for March 5, 2013.

On March 5, 2013, Oral Argument was held before the Ninth Circuit Panel in Pasadena, California. In response to a question from the Panel regarding the statements of FitzPatrick that Plaintiffs contended were libelous, and upon request by Plaintiffs and with the Panel's permission, Plaintiffs filed a response by way of a letter submission on March 7, 2013. On March 13, 2013, FitzPatrick and Minkow filed a joint response, and Coenen filed a separate response to Plaintiffs' letter submission. On March 13, 2013, Plaintiffs filed an objection to Defendants' responses as improper sur-rebuttal, to which FitzPatrick and Minkow replied on March 14, 2013. As of March 14, 2013, the cross-appeals are fully-submitted.

On April 17, 2013, the Ninth Circuit issued its Opinion in the case of *Makaeff v. Trump University, LLC*, 2013 U.S. App. LEXIS 7719, another Anti-SLAPP Motion to Strike case from the Southern District of California, decided on August 23, 2010. In two concurring opinions, Chief Judge Kozinski and Judge Paez (who also sat on the Panel of these cross-appeals) both expressed their opinions that *United States ex rel. Newsham v. Lockheed Missiles & Spice Co.*, 190 F.3d 963 (9th Cir. 1999) was wrongly-decided and California's Anti-SLAPP statute should not be applicable to diversity cases in federal court. Both judges invited the appellee, Trump University, LLC to seek

---

[1] Plaintiffs did not appeal the order dismissing their complaint against Lobdell. As such, he and iBusiness Reporting are not parties to the appeal and the only issue remaining as to them are their motion for attorneys' fees, filed jointly with Minkow before this Court.

[2] Plaintiffs sought authorization from counsel for Robert FitzPatrick to electronically sign this Joint Status Report on his behalf before filing, but as of 4:20 p.m., October 25, 2013, we have had no response, nor have Plaintiffs heard from counsel at all since providing him with a draft of the Report two weeks ago. As such this Joint Status Report is not filed on Mr. FitzPatrick's behalf. See Exhibit A attached hereto.

re-hearing *en banc* to decide this issue. On April 30, 2013, Trump University LLC filed a Petition for Rehearing *En Banc*.

On May 20, 2013, the Panel in these cross-appeals gave the parties notice that "the submission of this appeal is vacated and deferred pending the disposition of the petition for rehearing *en banc* in *Makaeff* []." Dkt Entry No. 86.

Makaeff filed an Opposition to Trump University's Petition on June 13, 2013. On June 24, 2013, Consumer Attorneys of California filed a Motion for Leave to File an Amicus Brief in Opposition to Trump University's Petition, which was granted on June 28, 2013. The Amicus Brief was deemed filed on July 1, 2013. There have been no other developments in the *Makaeff* case since then, and the submission of the instant cross-appeals remains vacated and deferred.

2. **Impact of Bradley MacDonald's Death on This Matter:**

**Plaintiffs' Position:**

Bradley MacDonald ("Bradley") passed away on April 4, 2012, while his appeal was pending before the Ninth Circuit. Once the estate was opened and Shirley, Bradley's spouse, was appointed estate administrator (on August 2, 2012), she filed a Motion for Substitution as Appellant with the Ninth Circuit–the only court wherein Bradley's claims still survive in any form.[3] On November 26, 2012, the Ninth Circuit Clerk of Court summarily granted Shirley's motion, and ordered that "[p]ursuant to Federal Rule of Appellate Procedure 43(a), court records shall be amended to reflect that Bradley MacDonald is no longer a party to this case."[4] As a result, Bradley's claims now belong to Shirley, as personal representative of Bradley's estate. And when Shirley prevails on her appeal and this case returns to the Southern District of California for further proceedings, Shirley alone will return to this Court as the Plaintiff, with her claims against Defendants fully-intact.

---

[3] Under Fed.R.App.Proc. 43, there is no set timeframe for moving for substitution of a deceased party. *See e.g., Nelson v. United States OPM,* 148 Fed. Appx. 617, 618-619 (9th Cir. 2005) (substitution post filing of Court's decision, and when death occurred five months prior, acceptable). A true and correct copy of Shirley MacDonald's Motion for Substitution and Exhibits Thereto is attached hereto as Exhibit B.

[4] A true and correct copy of the Order granting Shirley MacDonald's Motion for Substitution is attached hereto as Exhibit C.

Bradley's death has little, if any impact on these proceedings. Shirley, as estate representative was substituted as the Appellant in the Ninth Circuit as of November 26, 2012, and Bradley is no longer a party to the appeal. Defendants were free to move to substitute Shirley for Bradley in these proceedings in order to enable them to more easily collect on an award of attorneys' fees should Plaintiffs lose their appeal. Indeed, Plaintiffs sought Defendants' agreement to substitute Shirley for Bradley in these proceedings a year ago, but Defendants refused.[5] Instead, Defendants claim that Shirley waited too long to seek substitution in this Court under F.R.C.P. 25(a), and so the action as to Bradley should be dismissed. But there was (and is) no action as to Bradley pending before this Court at the time of Bradley's death. Bradley's claims now belong to Shirley, and jurisdiction over them lies solely with the Ninth Circuit.

"Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Natural Resources Defense Council, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir.2001). On March 29, 2011, Judge Sammartino, then presiding over these proceedings, dismissed Bradley's action against all defendants in its entirety, ending the litigation as to him personally. Bradley filed a Notice of Appeal on April 26, 2011. Judgment was then entered in favor of Coenen and FitzPatrick against Bradley on August 25, 2011 (Doc. No. 162), and in favor of Minkow and Lobdell against Bradley on April, 13, 2012 (Doc. No. 192). The only issue remaining before this Court in regards to Bradley, and the only jurisdiction that this Court maintains as to Bradley is a determination of the amount of attorneys' fees, if any, he (or his estate) might owe to Defendants under the Anti-SLAPP statute should the appeal fail. *See Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F .2d 955, 957 (9th Cir.1983) (District Courts retain jurisdiction to award attorneys' fees during the pendency of an appeal). Jurisdiction over Bradley's appeal and his claims against Defendants lies in the Ninth Circuit, as it has since he filed his Notice of Appeal on April 26, 2011.

Defendants' arguments that this Court has jurisdiction over Bradley's claims against them, such that *this Court* (and not the Ninth Circuit) may dismiss those claims based on Shirley's alleged

---

[5] A true and correct copy of the email correspondence between the parties on this issue is attached hereto as Exhibit D.

failure to seek a timely substitution in this Court under F.R.C.P. 25(a), have no merit. A district court retains jurisdiction during the pendency of an appeal *only* "to act to preserve the status quo." *Id*. *Natural Resources Defense Council,* 242 F.3d at 1166. Preserving the status quo does not include dismissing the action (which was *already* dismissed) in its entirety.

For this Court to dismiss claims that are now within the sole jurisdiction of the appellate court and that now belong solely to Shirley, would result in this Court doing far more than merely "preserv[ing] the status quo." *Id.* It would nullify the appellate process.

**Defendants' Position**:

When Bradley MacDonald died on April 4, 2012, his appeal was pending before the Ninth Circuit, and the motions for attorney's fees and costs by all Defendants were pending before the District Court. On April 9, 2012, Minkow's counsel asked Plaintiffs' counsel how they wanted to proceed considering the circumstance.[6] Thereafter, on May 21, 2012, Minkow's counsel advised Plaintiffs' counsel that he had informed the Ninth Circuit of MacDonald's passing when Minkow and FitzPatrick filed their principal brief on May 11, 2012, and he inquired whether Plaintiffs were going to inform the District Court and request the substitution of his estate representative.[7] Defendants were concerned, among other things, about their ability to execute an award of attorney's fees and costs if their motions were granted, and their ability to put MacDonald's estate on notice of their claims before any distribution of his assets occurred.

Plaintiffs' counsel responded that a probate estate had not been opened, but that the District Court had been made aware of MacDonald's passing. However, because Plaintiffs did not file or serve anything to that effect, Minkow filed a Statement Noting a Party's Death on May 31, 2012, together with a proof of service (Doc. No. 190) pursuant to Federal Rules of Civil Procedure, Rule 25 ("Rule 25"). FitzPatrick filed a similar notice on June 16, 2012 (Doc. No. 199).

Rule 25 provides for service of a statement noting a party's death and allows "any party" to thereafter file a motion for substitution of the proper party. Fed. R. Civ. Pro. § 25(a)(1). It further provides that "[i]f the motion is not made within 90 days after service of a statement of death, the

---

[6] A copy of the 4/9/12 email is attached hereto as Exhibit E.
[7] A copy of the 5/21/12 email exchange between counsel is attached hereto as Exhibit F.

action by or against the decedent must be dismissed." *Id*. Plaintiffs' counsel did not file a motion for substitution within 90 days; however, they did file oppositions to the motions for attorney's fees purporting to act as counsel for Bradley MacDonald even though he was deceased. (Doc. Nos. 200 & 201.) At no time since then, has Plaintiffs' counsel filed a motion for substitution in District Court.

MacDonald's estate ultimately was opened on August 2, 2012, and Shirley MacDonald, Bradley's spouse, was appointed estate administrator. Three months later on November 21, 2012, she filed a Motion for Substitution as Appellant with the Ninth Circuit, which was granted pursuant to Federal Rule of Appellate Procedure 43(a) ("Rule 43"). Rule 43 does not have the mandatory dismissal language provided in Rule 25, that if the substitution of the decedent's representative is not made within 90 days after service of a statement noting death, the action must be dismissed. Consequently, should Shirley prevail on MacDonald's appeal and this case return for further proceedings, the District Court will have to determine whether MacDonald's claims must be dismissed.

Plaintiffs eventually sought Defendants' stipulation to substitute Shirley as MacDonald's estate representative in these proceedings in November 2012. By then, however, the 90 day period for such a substitution in District Court had long since passed. Consequently, Minkow and FitzPatrick conditioned their willingness to stipulate on Plaintiffs' agreement that Defendants would reserve the right to seek a dismissal under Rule 25 should the Ninth Circuit reverse the decision as to MacDonald.[8] Plaintiffs did not agree to the reservation of Defendants' rights and did not file a motion seeking the substitution.

Defendants acknowledge that "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Natural Resources Defense Council, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). However, the divestiture of a district court's jurisdiction is not absolute. *Masalosalo v. Stonewall Insurance Co.*, 718 F.2d 955, 956 (9th

---

[8] A copy of the 11/29/12 email exchange between counsel is attached hereto as Exhibit G.

Cir. 1983). Issues relating to MacDonald's death and the effect of Rule 25 are not matters being appealed and were not before the District Court when it dismissed Bradley's action.

Significantly, the District Court properly exercised its jurisdiction when, after Plaintiffs had appealed, it entered judgment in favor of Coenen and FitzPatrick against Bradley on August 25, 2011 (Doc. No. 162), and in favor of Minkow, Lobdell and iBusiness against Bradley on April, 13, 2012 (Doc. No. 192). Plaintiffs concede that an issue remaining before this Court is the amount of attorneys' fees MacDonald's estate might owe to Defendants should his appeal fail. *See Masalosalo* 718 F.2d at 957. However, the District Court must have the proper parties before it to issue an order that would be enforceable.

A district court also retains jurisdiction during the pendency of an appeal "to act to preserve the status quo." *Natural Resources Defense Council*, 242 F.3d at 1166. Though preserving the status quo does not include dismissing MacDonald's action while the cross appeals are pending, it does include jurisdiction to take action that would not materially alter the status of the case on appeal. *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001). The status quo in this case was altered when Bradley MacDonald died. The District Court now has jurisdiction to take such actions as might be necessary to preserve Defendants' rights and claims provided the Court does not materially alter the matters before the Ninth Circuit. For example, Defendants contend that the Court has jurisdiction to issue orders relating to the judgments as long as it does not impact the issues before the Ninth Circuit.

### 3. Whether a Scheduling Order is Necessary for Medifast's Remaining Claim Against FitzPatrick

Under California law, an appeal of a denial of an anti-SLAPP motion "automatically stays all further trial court proceedings on the merits upon the causes of action affected by the motion." *Moser v. Encore Capital Group, Inc.*, 2007 WL 1114113 at *2 (S.D. Cal. March 27, 2007) quoting *Varian Medical Systems, Inc. v. Delfino*, 35 Cal.4th 180, 186 (2005). FitzPatrick's appeal of Medifast's libel per se claim automatically stayed the proceedings in this Court until the cross-appeals have been decided. As such, there is respectfully, no need for a scheduling order at this time.

Dated: October 25, 2013

LAZARE POTTER & GIACOVAS LLP

By: /s/ Lainie E. Cohen

Robert A. Giacovas
rgiacovas@lpgllp.com
Lainie E. Cohen
lcohen@lpgllp.com
875 Third Avenue, 28th Floor
New York, NY 10022
Attorneys for Plaintiffs MEDIFAST, INC., and SHIRLEY MacDONALD

Dated: October 25, 2013

By: /s/ Leah Plaskin

Heather L. Rosing
hrosing@klinedinst.com
Leah A. Plaskin
lplaskin@klinedinst.com
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
Attorneys for Defendants, Tracy Coenen and Sequence, Inc.

Dated: October 25, 2013

By: /s/ John H. Stephens

John H. Stephens
jstephens@mulvaneybarry.com
Stacy H. Rubin
srubin@mulvaneybarry.com
Mulvaney Barry Beatty Linn & Mayers LLP
401 West A Street, 17th Floor
San Diego, CA 92101-7994
Attorneys for Defendants, Barry Minkow, Fraud Discovery Institute, Inc., William Lobdell and iBusiness Reporting